UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MALIBU MEDIA, LLC,

                        Plaintiff,                            ORDER AND REPORT
                                                                  AND RECOMMENDATION

     -against-                                           CV 12-1156 (JFB)(ETB)

JOHN DOES 1-13,

                        Defendants.
------------------------------------------------------------------------X

      Before the Court is a motion by one of the John Doe defendants in the within action -

who has "not provided his Doe # out of fear of overly aggressive retaliation by Plaintiff" - to

dismiss or sever this action and for a protective order and/or to quash the subpoena previously

served on a third-party Internet Service Provider ("ISP").  (John Doe Mot. to Dismiss/Sever 9-

10.)  Oral argument was held on the within motion on June 1, 2012.  While counsel for plaintiff

appeared and argued in opposition to the motion, John Doe failed to appear.

      This action originated with the filing of a Complaint alleging copyright infringement and

an ex parte motion by plaintiff to conduct expedited discovery by serving subpoenas on third-

party ISPs to obtain the names, addresses, telephone numbers, email addresses and Media Access

Control ("MAC") addresses of the various John Doe defendants.  The Court granted plaintiff's

motion for expedited discovery on March 26, 2012.  Thereafter, on April 26, 2012, John Doe

filed the within motion to dismiss or sever this action and for a protective order and/or to quash

the subpoena previously served on his/her ISP.  (John Doe Mot. to Dismiss/Sever 9-10.)  The

Court sua sponte stayed enforcement of the subpoenas issued by plaintiff, dated March 28, 2012

-1-

and addressed to Optimum Online and Verizon Internet Services, pending a decision on John

Doe's motion.  For the reasons stated below, that <u>sua</u> <u>sponte</u> stay of enforcement is now vacated

and the motion to quash is denied, without prejudice to renewal, after service of process is

complete as to any defendant.


I.      <u>Motion to Quash or for Protective Order</u>

        "As a general rule, parties may not litigate their disputes anonymously."  <u>John Wiley &</u>

<u>Sons, Inc. v. John Does Nos. 1-27</u>, No. 11 Civ. 7627, 2012 U.S. Dist. LEXIS 13667, at *1-2

(S.D.N.Y. Feb. 3, 2012) (quotation omitted).  Federal Rule of Civil Procedure 10(a) states that

"[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  In addition, Rule

11(a) dictates that "[e]very pleading, written motion, and other paper must be signed by at least

one attorney of record in the attorney's name - or by a party personally if the party is

unrepresented . . . The court must strike an unsigned paper unless the omission is promptly

corrected after being called to the attorney's or party's attention."  Fed. R. Civ. P. 11(a).

Similarly, Federal Rule of Civil Procedure 17(a) mandates that "[a]n action must be prosecuted

in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  These rules "serve[] the vital

purpose of facilitating pubic scrutiny of judicial proceedings," and as such, they "cannot be set

aside lightly."  <u>John Wiley & Sons</u>, 2012 U.S. Dist. LEXIS 13667, at *2 (quoting <u>Sealed Plaintiff</u>

<u>v. Sealed Defendant</u>, 537 F.3d 185, 188-89 (2d Cir. 2008)).  "When evaluating a request by a

party to proceed anonymously or by pseudonym courts consider numerous factors, including

whether identification would put the affected party at risk of suffering physical or mental injury."

<u>Guerilla Girls, Inc. v. Kaz</u>, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) (quoting <u>EW v. N.Y. Blood</u>

-2-

Ctr., 213 F.R.D. 108, 111 (E.D.N.Y. 2003)).

Here, John Doe has not made a motion to proceed anonymously in this action, let alone proffered an adequate reason why he should be afforded permission to do so.  Rather, he has unilaterally withheld his identifying information, including even his Doe number, on the grounds that he fears "overly aggressive retaliation" by plaintiff.[1]  (John Doe Mot. 9-10.)  Thus, it is impossible for any party or for the Court to communicate with the movant, John Doe, in this action.  A party cannot litigate an action under such circumstances.  This undoubtedly is the reason for the movant's failure to appear at the oral argument of the within motion.

Accordingly, since "defendant has failed to identify any legal ground for shielding [his/her] identify from disclosure, the motion to quash is denied," without prejudice to renewal along with an accompanying motion to proceed anonymously within thirty (30) days of being served with a copy of the Summons and Complaint in this action.  John Wiley & Sons, Inc. V. John Does 1-31, No. 12 Civ. 79, 2012 U.S. Dist. LEXIS 23085, at *3 (S.D.N.Y. Feb. 21, 2012) (citation omitted).

As stated supra, by Order dated May 10, 2012, the Court sua sponte stayed enforcement

---

[1]  The Court notes that John Doe has also withheld his correct address from the Court. The envelope that contained the within motion stated the return address to be "5001 W. 56th Street, New York, NY 10019."  Believing that to be John Doe's address, the Court mailed an Order to John Doe on May 22, 2012, scheduling oral argument on the within motion for June 1, 2012.  As stated above, John Doe did not appear at the oral argument held on June 1, 2012.  That same day, the Order sent to John Doe by the undersigned was returned as undeliverable with the notation "Return to sender, no such number, unable to forward."  (Docket Entry #24.)  Moreover, in attempting to locate John Doe's address using the website www.mapquest.com, it appears that any such address may not exist since the addresses on West 56th Street end in the six hundred range, where West 56th Street ultimately meets 12th Avenue and then the Hudson River.  In any event, neither plaintiff nor the Court has any means by which to serve John Doe with a copy of this Order until he is identified via the subpoenas served by plaintiff on the ISPs.

of the subpoenas issued by plaintiff, dated March 28, 2012 and addressed to Optimum Online

and Verizon Internet Services and returnable May 12, 2012.  That Order is hereby vacated.  The

ISP's are directed to turn over the requested information to the plaintiff as previously directed.

The plaintiff shall notify the Court once it has received the requested identifying information and

the proper defendants are served with a copy of the Summons and Complaint, at which time the

Court will schedule an initial conference.


II.     Motion to Dismiss and/or Sever

        John Doe also seeks to dismiss and/or sever this action on the basis of improper joinder.

Pursuant to Federal Rule of Civil Procedure 20, defendants may be joined in one action where a

plaintiff states a claim for relief "arising out of the same transaction, occurrence, or series of

transactions or occurrences" and there are common questions of law or fact.  Fed. R. Civ. P.

20(a)(2)(A) and (B).  "Under the Federal Rules of Civil Procedure, 'the impulse is toward

entertaining the broadest possible scope of action consistent with fairness to the parties; joinder

of claims, parties and remedies is strongly encouraged.'"  Digital Sin, Inc. v. John Does 1-176,

No. 12-CV-00126, 2012 U.S. Dist. LEXIS 10803, at *11 (S.D.N.Y. Jan. 30, 2012) (quoting

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)).  While several courts to

consider this issue in similar cases have found it improper under Rule 20 to join in one action

numerous Doe defendants, other courts have reached the opposite conclusion, finding joinder to

be proper under similar circumstances.  See Digital Sin, 2012 U.S. Dist. LEXIS 10803, at *12,

n.4-5 (collecting cases).

-4-

At this point in the action, it is premature to make such a determination.[2]  Accordingly, I recommend that John Doe's motion to dismiss and or/sever for improper joinder be denied, without prejudice to renewal after service of process is complete as to any defendant.

### CONCLUSION

For the foregoing reasons, John Doe's motion to quash or for a protective order is denied, without prejudice to renewal within thirty (30) days of being served with a copy of the Summons and Complaint in this action.  The Order dated May 12, 2012, which stayed enforcement of the subpoenas issued by plaintiff, is vacated and the ISP's are directed to turn over the requested identifying information within fourteen (14) days of the date of this Order.

### RECOMMENDATION

I recommend that John Doe's motion to dismiss and/or sever this action for improper joinder be denied, with leave to renew after service of process is complete as to any defendant.

### OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk

---

[2]  The Court notes that Magistrate Brown issued a thorough Order and Report and Recommendation on May 1, 2012 in four other cases involving the same subject matter, wherein Magistrate Brown sua sponte recommended that the actions be dismissed, except as to the first John Doe defendant in each one, for improper joinder.  However, in contrast to the motion here, the John Doe defendants in each of those cases identified themselves by either their John Doe number or their ISP address, providing plaintiffs and the court with sufficient information to identify the movants.  As stated supra, the within John Doe has not provided the Court with any such similar information and, for the reasons stated above, lacks standing to even make the within motion to dismiss.

of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further appellate review.  Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).


**SO ORDERED:**

Dated:  Central Islip, New York
           June 19, 2012

                                                        /s/ E. Thomas Boyle
                                                        E. THOMAS BOYLE
                                                        United States Magistrate Judge