UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                                :
:   Civil Action No. 12-cv-01156-JFB-ETB
                    Plaintiff,                                    :
:
            vs.                                                   :
:
JOHN DOES 1-13,                                                   :
:
                    Defendants.                                   :
:
------------------------------------------------------------------X

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED FOR CABLEVISION'S FAILURE TO COMPLY WITH SUBPOENA**

Pursuant to Fed. R. Civ. P. 45(e), Plaintiff, Malibu Media, LLC, moves for entry of an order requiring Cablevision to appear before the Court to show cause why sanctions should not be imposed for failure to comply with Plaintiff's subpoena, and states:

1.      This is a copyright case against Doe Defendants known to Plaintiff only by an IP address. The true identities of the Doe Defendants are known by their respective Internet service providers ("ISPs").

2.      On March 26, 2012, this Court entered an order granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [Dkt. 5].

3.      On April 10, 2012, Plaintiff served the subpoenas on each ISP, along with a copy of this Court's order, demanding that they produce the identities of the unknown Defendants. The subpoena compliance date was May 25, 2012, over four months ago.

4.      Cablevision has advised that they will not comply with Plaintiff's subpoena because this Court's order allowing the subpoenas does not specifically cite the Cable Act, 47

U.S.C. § 551(c)(2)(B). Significantly, nowhere in the Cable Act does it require that the Court's order specifically mention the Cable Act. Therefore, Cablevisions refusal to produce the Defendants' identities is without merit.

5. Other courts facing Cablevision's objections have rejected this basis to withhold the identities from Plaintiffs. In a recent decision, Honorable John M. Facciola held that "there is nothing in the Cable Act that states that the court order must direct Cablevision's compliance with the subpoena pursuant to the specific authority of the Cable Act." See Openmind Solutions, Inc. v. John Does 1-565, Case no. 1:11-cv-01883-JMF (D.D.C. Aug. 24, 2012), attached as Exhibit A. Cablevision has violated this Court's order without good cause, basing their objection on a requirement that does not exist.

6. Plaintiff is unable to move forward in this matter until Cablevision complies with the subpoena, as it cannot complete service on Defendants until it receives the identifying information of the unknown Defendants from their respective ISPs.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order requiring Cablevision to show cause why sanctions should not be imposed for failure to comply with Plaintiff' subpoena and the Court's order.

Dated: August 27, 2012

    Respectfully submitted,

    By: /s/*Jason Kotzker*
    Jason Kotzker
    NY Bar Number: 4286829

    jason@klgip.com
    KOTZKER LAW GROUP
    9609 S. University Blvd., #632134
    Highlands Ranch, CO 80163
    Phone: 303-875-5386
    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

   I hereby certify that on August 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

              /s/ *Jason Kotzker*
              Jason Kotzker