UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**OPENMIND SOLUTIONS, INC.,**

    Plaintiff,

        v.                                     Civil Action No. 11-1883 (JMF)

**DOES 1-565,**

    Defendants.

### MEMORANDUM ORDER

This case was referred to me for all purposes. Currently pending and ready for resolution is Plaintiff's Motion for Clarification of the Court's November 22, 2011 Order [#6].

### BACKGROUND

Plaintiff, Openmind Solutions, Inc., is the owner of the copyright for the motion picture "Throated - Katie Jordin." Complaint for Copyright Infringement [#1] ¶3. According to plaintiff, numerous individuals illegally downloaded and distributed its film over the Internet, in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (2010).[1] Id. ¶¶1, 3. At the time the law suit was filed, plaintiff did not know the identities of these individuals. Id. ¶8. Plaintiff did, however, know the Internet Protocol ("IP") address of the computers associated with the alleged infringers. Id.

On November 22, 2011, Judge Sullivan granted plaintiff's motion to conduct discovery prior to the Rule 26(f)[2] conference so that it could learn the identity of these individuals and

---

[1] All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

[2] Fed. R. Civ. P. 26(f).

EXHIBIT A

thereafter amend its complaint to reflect the same. See Memorandum Opinion and Order [#4]. Specifically, plaintiff sought leave to serve Rule 45 subpoenas on the various Internet Service Providers ("ISPs") associated with the previously identified IP addresses, in order to "identify each Defendant's true name, current and permanent address, telephone number, email address, and Media Access Control ('MAC') address." Id. at 2. In addition, if the ISPs identified an intermediary ISP as the entity providing online services, plaintiff sought leave to serve the subpoena on that ISP. Id. In its current motion, plaintiff states that Cablevision, one of the ISPs served with a Rule 45 subpoena pursuant to Judge Sullivan's order, claims that compliance with the subpoena is barred by the Cable Communications Policy Act of 1984, 47 U.S.C. § 551(c)(2)(B) ("the Cable Act") absent a court order. [#6] at 2.

On December 23, 2011, I issued an order directing Cablevision to show cause why it should not be held in contempt for failing to comply with plaintiff's Rule 45 subpoena. See Show Cause Order [#8].

## DISCUSSION

I. Standard of Review

Under Rule 45 of the Federal Rules of Civil Procedure, a party who opposes a subpoena has two avenues for relief. He may either move to quash or modify the subpoena or he may file objections to it. Compare Fed. R. Civ. P. 45(c)(3) with Fed. R. Civ. P. 45(c)(2)(B). In either case, "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).

II. Analysis

    A.    The Timeliness of Cablevision's Objection to the Subpoena

2

Rule 45 provides as follows:

> A person commanded to produce documents or tangible things . . . may serve on the party or attorney designated in the subpoena a written objection . . . to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed. R. Civ. P. 45(b)(2)(B).

In response to the Court's show cause order, Cablevision claims that it filed a timely objection to plaintiff's subpoena, noting that it submitted a written objection to plaintiff within seven days of its receipt, "well within the fourteen day objection period" prescribed by Rule 45. Response to Order to Show Cause [#11] at 2-3. In this case, because the subpoena had a return date of thirty days,[3] Cablevision's written objection was timely.

B. The Merits of Cablevision's Argument

Cablevision claims that compliance with the subpoena would be a violation of the Cable Act. [#11] at 5. In its letter to plaintiff following receipt of the subpoena, Cablevision stated, "While you have provided a court order with your subpoena, nowhere in the order does it direct Cablevision to disclose the information pursuant to 47 U.S.C. § 551(c)(2)(B)." [#6] at 6. Cablevision then requested a court order that 1) "[c]ontains a detailed description of the subscriber information sought, including the IP address 123.123.123.123, date, time and time zone)," and 2) "[d]irects Cablevision to disclose the subscriber's personally identifiable information pursuant to 47 U.S.C. § 551(c)(2)(B)." Id.

---

[3] [#4] at 5.

3

First, Judge Sullivan's order granting plaintiff leave to serve subpoenas on various ISPs was not based on authority granted by the Cable Act. The only authority cited by Judge Sullivan was that granted him by Rule 26, which states the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Specifically, Judge Sullivan found that plaintiff had made the requisite showing of good cause (that without the information sought, plaintiff could not name any defendants and therefore could not proceed any further) under Rule 26 to warrant the issuance of a Rule 45 subpoena. [#4] at 3-4. Judge Sullivan then limited the scope of the Rule 45 subpoenas to only those items requested by plaintiff, *i.e.*, the Doe defendant's 1) true name, 2) current and permanent address, 3) telephone number, 4) e-mail address, 5) and MAC address. Id. at 4.

Second, assuming that the Cable Act applies to ISPs,[4] an issue upon which this circuit has yet to rule, Cablevision's compliance with plaintiff's subpoena would not violate the statute. Under the statute, "[a] cable operator may disclose [personally identifiable information if it is] made pursuant to a court order authorizing such disclosure." 47 U.S.C. § 551(c)(2)(B). In this

---

[4] Compare Klimas v. Comcast Cable Commc'ns. Inc., 465 F.3d 271, 279-80 (6th Cir. 2006) ("As we have today held, 'cable service' [under the Cable Act] does not include broadband internet service, even when provided by a "cable operator."); AT&T Corp. v. City of Portland, 216 F.3d 871, 876-77 (9th Cir. 2000) (holding that internet service is not a cable service under the Cable Act) with Patrick Collins, Inc. v. John Does 1 Through 9, No. 12-CIV-1436, 2012 WL 2782471, at *2 (S.D. Cal. July 9, 2012) (holding that an ISP is a cable operator under the Cable Act); Malibu Media, LLC v. John Does 1-11, No. 12-CIV-1056, 2012 WL 2106227, at *2 (S.D. Cal. June 8, 2012) (same).

case, although Cablevision claims otherwise, Judge Sullivan's order granting plaintiff's motion for leave to take discovery, which included the issuance of Rule 45 subpoenas, is a court order that authorizes Cablevision's disclosure of personally identifiable information. It unequivocally so provides.[5] That the order states that "[p]laintiff *may* serve Rule 45 subpoenas upon the ISPs"[6] in no way diminishes the authority of the order. In fact, as noted above, the Cable Act also uses the word "may" when referring to what the cable operator is authorized to do. Furthermore, there is nothing in the Cable Act that states that the court order must direct Cablevision's compliance with the subpoena pursuant to the specific authority of the Cable Act.

Third, Judge Sullivan's order satisfies the notice requirements of the Cable Act and, to the extent possible, Rule 45. Specifically, Judge Sullivan's order provides that the ISPs must provide written notice to the subscribers within five days and that subscribers then have thirty days from the date of service within which to file a motion to quash. [#4] at 4-5. With respect to the Cable Act, the order provides for notification of the subscriber by the ISP regarding the possibility that his information may be released pursuant to a subpoena and allows ample time for the subscriber to move to quash the subpoena. With respect to Rule 45, although the Rule mandates that notice be served on each party prior to receipt of the subpoena if it requests electronically stored information,[7] since the Doe defendants are not the direct recipients of the subpoena, the order does the next best thing by giving the subscribers ample time to file objections after receipt of the subpoena and before any information has been released. Malibu

---

[5] "The subpoena must be limited to information sufficient to identify each Defendant, including each Defendant's true name, current and permanent address, telephone number, email address and MAC address." [#4] at 4.

[6] [#4] at 4.

[7] Fed. R. Civ. P. 45(b)(1).

5

Media, LLC v. John Does 1-16, No. 12-CIV-235, 2012 WL 1681819, at *2 (D.D.C. Apr. 11, 2012).

## CONCLUSION

Although Cablevision's only stated reason for failing to comply with the subpoena is that doing so violated the Cable Act, it is clear that Judge Sullivan's order complied with the requirements of both the Cable Act and, more importantly, Rule 45.  Therefore, without ruling on whether or not ISPs are governed by the Cable Act, it is, hereby,

**ORDERED** that Cablevision comply forthwith with the subpoena issued by Openmind Solutions.  It is further, hereby,

**ORDERED** that this Court's previous order to show cause directed at Cablevision is discharged.  Finally, it is, hereby,

**ORDERED** that Plaintiff's Motion for Clarification of the Court's November 22, 2011 Order [#6] is **DENIED.**

**SO ORDERED.**

 

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE